FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2006 APR 11  A 11: 55

U.S. DISTRICT COURT
DISTRICT OF MASS.

FRANCIS HANNON, RAYMOND COOK,
JOSE ALVES, SEAN MILLIKEN,
WAYNE CROSBY, JOHN STOTE,
LAWRENCE McARTHUR, STEVEN
BALSAVICH, MIGUEL MOURE,
MARLON HOLMES, MICHAEL VINCENT,
EDWARD KEITH, EDUARDO OLIVERAS,
JOHNNY S. RIVERA, MYLES R.
MIRANDA, SHANE W. CATANZARO,
CHRISTOPHER DeMARCO, VICTOR
SANDIFORD, KENJI DRAYTON,
MICHAEL MAUNEY, DAVID MYLAND,
DAVID MORGAN, JUSTIN GAOUETTE,
J. ERIC PALO, LOUIS LUIZ, MARK
MYLETT, ROBERT BEAUPARLANT,
GEORGE AWAD, WILLIAM BARNOW-
SKI, ANTHONY BARRY, DANIEL
HOLLAND, CARLO MONTEFUSCO,
JUAN P. ALICEA, GEORGE BURNS,
ROBERT G. LeBLANC, KEVIN
BEAUCHAMP, STEVEN PLAVETSKY,
ROBERT JOHN DAJDA, GLEN
BOVAT, ALLAN PHILLIPS

PLAINTIFFS,

v.

JEFFREY BEARD, MITT ROMNEY,
KATHLEEN M. DENNEHY, EDWARD
FLYNN, DIANE K. SILVA, ROLAND
L. RHEAULT, CAROL MICI, VERONICA
M. MADDEN, LOIS RUSSO, ANTHONY
MENDONSA, MICHAEL L. RODRIGUES,
STEVEN KENNEWAY, MASSACHUSETTS
CORRECTIONAL OFFICERS FEDERAT-
ED UNION, R. J. REYNOLDS TOB-
ACCO HOLDINGS, INC., ALTRIA
GROUP, SIMONIZ USA, Inc.,
ROBERT EHRLICH, ROBERT HASS,
COMMONWEALTH OF PENNSYLVANIA,
EDWARD RENDELL, TOM RIDGE,

JURY TRIAL DEMANDED

06-10700NMG

MAGISTRATE JUDGE _Bowler_

No.: _____

JENNIFER HENDRICKS, COMMONWEALTH    :
OF MASSACHUSETTS, STATE OF MARY-   :
LAND, WILLIAM SONDERVAN, TRANSCOR, :
CORRECTIONS CORPORATION OF AMER-  :
ICA, AMERICAN CORRECTIONAL ASSOC- :
IATION, SEWALL B. SMITH, ROCHELLE  :
ROSE, JAMES D. DEEDS, THOMAS HODG- :
SON, COUNTY OF LUZERNE, TODD VOND- :
ERHEID, GREG SKREPENAK, STEPHEN A. :
URBAN, CITY OF WILKES-BARRE, COUN- :
TY OF LEHIGH, PERCY H. DOUGHERTY,  :
GLENN ECKHART, KURT J. DERR, STER- :
LING H. RABER, JAMES L. KELLY,     :
JOAN L. FREDERICKS, ANDY ROMAN,   :
MARC J. GRAMMES, DANIEL K. Mc-    :
CARTHY, COUNTY OF PERRY, JOHN J.  :
AMSLER, WARREN R. VanBUSKIRK,    :
EDWARD R. KENNEDY, WILLIAM R. BUNT, :
SHARON Y. CHARLES, COUNTY OF SUS- :
QUEHANNA, ROBERTA KELLY, JEFFREY  :
LOOMIS, MARY ANN WARREN, STATE OF  :
TEXAS, COUNTY OF DALLAS, USG CORP, :
FEDERAL MOGUL GLOBAL, INC., OWENS  :
CORNING CORP, ARMSTRONG WORLD     :
INDUSTRIES, INC.               :

DEFENDANTS.

## CIVIL RIGHTS COMPLAINT
### With a Jury Demand

This is a §1983 action filed by state prisoners, who were all incarcerated at MCI-Cedar Junction, Souza-Baronowski Correctional Center, MCI-Norfolk or the Bridgewater Complex at the time of the events outlined in the complaint. Additionally, Plaintiff Jose Alves was incarcerated at the Dallas County Jail, Dallas, Texas, and Plaintiff Francis Hannon was incarcerated at the Maryland House of Correction and MRDCC, Baltimore, Maryland; SCI-Pittsburgh, SCI-Camp Hill; SCI-Graterford; SCI-Huntingdon; SCI-Dallas; SCI-Rockview; SCI-Albion; SCI-Mahanoy; Luzerne County Prison; Lehigh County Jail; Susquehanna County Jail; Perry County Jail in Pennsylvania and the Ash Street Jail in New Bedford, Massachusetts. All of the prisoners are alleging a violation of their constitutional rights and are seeking money damages, declaratory judgment, and injunctive relief. The Plaintiffs request a trial by jury. The Plaintiffs hereby complain against the Defendants and allege, upon personal knowledge as to themselves and their own acts and upon information and belief as to all matters as follows:

### INTRODUCTION

1.   Plaintiffs bring this action pursuant to 42 U.S.C. §1983, the First, Eighth and Fourteenth Amendments to and the Equal Protection Clause of the United States Constitution, and Articles XI, XII and XXVI of the Massachusetts Declaration of Rights to redress the defendants'violation, under color of state law, or Plaintiffs' constitutionally-protected rights.

2.   Plaintiff Alves was violated under Texas Constitution, also.

3.   Plaintiff Hannon was violated under the Maryland and Pennsylvania Constitution, also.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331, 1343 and 1367.

Venue is proper under 28 U.S.C. §1391(b).

## PARTIES

### THE PLAINTIFFS

5.   Plaintiff Francis Hannon is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of Massachusetts, Maryland, Distirct of Columbia, Pennsylvania Department of Corrections, County of Luzerne, County of Perry, County of Susquehanna, County of Lehigh, Pennsylvania or the County of Bristol, Massachusetts. Mr. Hannon is currently incarcerated at the Souza Baranowski Correctional Center, P. O. Box 8000, Shirley, MA 01464, under inmate number T-27062.

6.   Plaintiff Raymond Cook is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of Massachusetts. Mr. Cook is currently incarcerated at the Souza Baranowski Correctional Center, P. O. Box 8000, Shirley, MA 01464, under inmate number W-64720.

7. Plaintiff Jose Alves is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the Commonwealth of Massachusetts and at the Dallas County Jail in Dallas Texas. Plaintiff Jose Alves is currently incarcerated at the Souza Baranowski Correctional Center, P. O. Box 8000, Shirley, Massachusetts, under inmate number W-62488.

8. Plaintiff Sean Milliken is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the Commonwealth of Massachusetts and in particular at the Souza Baranowski Correctional Center, MCI-Cedar Junction, MCI-Norfolk and the Massachusetts Treatment Center. Plaintiff Sean Milliken is currently incarcerated at MCI-Norfolk, P. O. Box 43, Norfolk, Massachusetts. Mr. Milliken's current inmate number is C-57799.

9. Wayne Crosby, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the Massachusetts Department of Corrections. Mr. Crosby is currently incarcerated at the Souza Baranowski Correctional Center, P. O. Box 8000, Shirly, MA 01464, under inmate number W-69831.

10. John Stote, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the Massachusetts Department of Corrections. Mr. Stote is currently incarcerated at the Souza Baranowski Correctional Center, P. O. Box 8000, Shirley, MA 01464.

11. Lawrence McArthur, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. Mr. McArthur is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464 under inmate number W-46835.

12. Steven Balsavich, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. Mr. Balsavich is currently incarcerated at MCI-Norfolk, P. O. Box 43, Norfolk, MA 02056 under number W-68908.

13. Miguel Moure, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the

prisons of the MA DOC. Mr. Moure is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464 under number W-59761.

14. Marlon Holmes, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. Mr. Holmes is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464 under number W-82505.

15. Michael Vincent, is a citizen of the United States and a resident of the Commwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. Mr. Vincent is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464 under number W-67671.

16. Edward Keith, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. Mr. Keith is currently incarcerated at OCCC, One Administration Road, Bridgewater, MA 02324 under number W-57469.

17. Eduardo Oliveras, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC.

18. Johnny S. Rivera, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all

times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC.

19. Myles R. Miranda, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-57000.

20. Shane W. Catanzaro, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under W-83641. And currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

21. Christopher DeMarco, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under W-82105. And is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

22. Victor Sandiford is a citizen of Trinidad and is a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under $\bar{W}$-81177. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

23. Kenji Drayton, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under W-85299. He is currently incarcerated at SBCC. P. O. Box 8000, Shirley, MA 01464.

24. Michael Mauney, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the the prisons of the MA DOC under number W-84657. And currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

25. David Myland, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-82330. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

26. David Morgan, is a Jamaican citizen, who is currently a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-68795. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

27. Justin Gaouette, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-83131. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

28. J. Eric Palo, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-83131. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

29. Louis Luiz, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-69401. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

30. Mark Mylett, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-80154. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

31. Robert Beauparlant, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC under number W-83092. He is currently incarcerated at the MA Treatment Center, 30 Administration Road, Bridgewater, MA 02324.

32. George Awad, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

33. William Barnowski, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O.

8000, Shirley, MA 01464.

34. Anthony Barry, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

35. Daniel Holland, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

36. Carlo Montefusco, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464 under number W-81973.

37. Juan P. Alicea, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at MCI-Cedar Junction, P. O. Box 100, South Walpole, MA 02071.

38. George Burns, ia a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

39.  Robert G. LeBlanc, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the Massachusetts Department of Correction. He is currently incarcerated at SBCC, P. O. Box 8000. Shirley, MA 01464 under number W-35430.

40.  Kevin Beauchamp, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P.O. Box 8000, Shirley, MA 01464.

41.  Steven Plavetsky, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at MCI-Gardner, 500 Colony Road, P. O. Box 466, Gardner, MA 01440 under inmate number W-64451.

42.  Robert John Dajda, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the Massachusetts Department of Correction. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464 under inmate number W-47221.

43. Glen Bovat, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464.

44. Allan Phillips, is a citizen of the United States and a resident of the Commonwealth of MA, who was, at all times relevant to the allegations in this Complaint, confined within the prisons of the MA DOC. He is currently incarcerated at SBCC, P. O. Box 8000, Shirley, MA 01464 under inmate number W-45661.

**THE DEFENDANTS**

45.   Defendant Jeffrey Beard was the Secretary of the Penns-
ylvania Department of Corrections during certain time periods re-
levant to this lawsuit and, at all times relevant to this Complaint,
was acting within the scope of his employment.   He is sued in both
his individual and official capacities.   Box 598, Camp Hill, PA 17001.

46.   Defendant Mitt Romney was the Governor of Commonwealth
of Massachusetts during certain time periods relevant to this law
suit and, at all times relevant to this Complaint, was acting with-
in the scope of his employment.   He is sued in both his individual
and official capacities.   Room 360, Boston, MA 02133.

47.   Defendant Kathleen M. Dennehy was the Commissioner of
the Massachusetts Department of Corrections during certain time
periods relevant to this lawsuit and, at all times relevant to
this Complaint, was acting within the scope of her employment.   She
is sued in both her individual and official capacities. 50 Maple, Milford.

48.   Defendant Edward A. Flynn was the Secretary of the Mass-
achusetts Department of Public Safety during certain time periods
relevant to this lawsuit and, at all times relevant to this Com-
plaint, was acting within the scope of his employment.   He is sued
in both his individual and official capacities. 1 Ashburton, Boston, MA.

49.   Defendant Diane K. Silva was the Director of Classificat-
ion for the Massachusetts Department of Corrections during certain
time periods relevant to this lawsuit and, at all times relevant
to this Complaint, was acting within the scope of her employment.
She is sued in both her individual and official capacities.   50
Maple Street, Suite 3, Milford, MA 01757.

50. Defendant Roland L. Rheault was a classification official with the Massachusetts Department of Corrections during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. Milford, MA.

51. Defendant Carol Mici was a classification official with the Massachusetts Department of Corrections during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of her employment. She is sued in both her individual and official capacities. 50 Maple, Milford, MA

52. Defendant Veronica M. Madden was a Deputy Commissioner with the Massachusetts Department of Corrections during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of her employment. She is sued in both her individual and official capacities. Milford, MA.

53. Defendant Lois Russo was the Superintendent of the Souza Baranowski Correctional Center, a facility operated by the Massachusetts Department of Corrections during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of her employment. She is sued in both her individual and official capacities. Box 8000, Shirley, MA.

54. Defendant Anthony Mendonsa was the Deputy Superintendent of the Souza Baranowski Correctional center, a facility operated by the Massachusetts Department of Corrections during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. P. O. Box 8000, Shirley, MA 01464.

55. Defendant Michael L. Rodrigues was the Deputy Superintendent of the Souza Baranowski Correctional Center, a Facility operated by the Massachusetts Department of Corrections during all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. P. O. Box 8000, Shirley, MA 01464.

56. Defendant Steven Kenneway was a correctional officer and President of the Massachusetts Correctional Officers Federated Union during all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. 50 Maple Street, Milford, MA 01757.

57. Defendant Massachusetts Correctional Officers Federated Union is a union which communicates disruptive thoughts and ideas to its members. They are sued in their official capacity. 50 Maple Street, Milford, MA 01757.

58. Defendant R. J. Reynolds Tobacco Holdings, Inc. is a tobacco company that supplied tobacco to prisons. Its principle place of business is Winston-Salem, N.C.

59. Defendant Altria Group, is a tobacco company that supplied Philip Morris tobacco products to the inmates and staff at various prisons. Its principle place of business is New York, NY.

60. Defendant Simoniz USA, Inc., is a company that supplied cleaning supplies and toxic chemicals to the Souza Baranowski Correctional Center. Its principle place of business is 201 Boston Turnpike, Bolton, CT.

61. Defendant Robert Ehrlich was the Governor of the State of Maryland during certain time periods relevant to this law suit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. Jeffrey Building, 16 Francis Street, Annapolis, MD 21401-1991.

62. Defendant Robert Hass was the Secretary of the Massachusetts Department of Public Safety during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. 1 Ashburton Stree, Boston, MA 02108.

63. Defendant Commonwealth of Pennsylvania is the party that entered into the agreement with the Commonwealth of Massachusetts for the illegal and unlawful placement of Plaintiff Francis Hannon. 225 Main Capital, Harrisburg, PA 17120.

64. Defendant Edward Rendell was the Governor of the Commonwealth of Pennsylvania during certain time periods relevant to this law suit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. 225 Main Capital, Harrisburg, PA 17120.

65. Defendant Tom Ridge was the Governor of the Commonwealth of Pennsylvania during certain time periods relevant to this law suit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. 225 Main Capital, Harrisburg, PA 17120.

66. Defendant Jennifer Hendricks was the Director of Interstate transfers for the Pennsylvania Department of Corrections during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of her employment. She is sued in both her individual and official capacities. P. O. Box 598 Camp Hill, PA 17001-0598.

67. Defendant Commonwealth of Massachusetts is the party that entered into the agreement with the Commonwealth of Pennsylvania for the illegal and unlawful placement of Plaintiffs. State House, Boston, MA.

68. Defendant State of Maryland was the party that entered into the agreement with the Commonwealth of Pennsylvania for the illegal and unlawful placement of Plaintiff Francis Hannon. Jeffrey Building, 16 Francis Street, Annapolis, MD 21401-1991.

69. Defendant William Sondervan was the Secretary of the Maryland Department of Corrections during certain time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. 6776 Reisterstown Road, Suite 310, Plaza Office Center, Baltimore, MD 21215.

70. Defendant TransCor is a prison transportation Company. Said Defendant transferred Plaintiff Francis Hannon to various correctional facilities. And were directly responsible for placing Plaintiff Hannon in sick buildings. 646 Melrose Avenue, Nashville, TN 37211.

71.    Defendant Corrections Corporation of America is the parent Company of TransCor and was involved in making arrangements for the placement of Plaintiff Francis Hannon in sick buildings and was in fact the owner and operator of the sick buildings.  646 Melrose Avenue, Nashville, TN 37211.

72.    Defendant American Correctional Association is an organization that inspects and accredits correctional facilities.  The Defendant did not properly instect and review the credentials of the facilities that are the subject matter of this litigation.  4380 Forbes Blvd., Lanham, MD 20706-4322.

73.    Defendant Sewall B. Smith was the Warden of MRDCC during all time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities.  550 East Madison Street, Baltimore, MD 21202.

74.    Defendant Rochelle Rose was a Lt. at MRDCC during all time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of her employment.  She is sued in both her individual and official capacities.  550 East Madison Street, Baltimore, MD 21202.

75.    Defendant James D. Deeds was a Lt. at MRDCC during all time periods relevant to this lawsuit and, at all times relevant to this

Complaint, was acting within the scope of his employment. He is sued in both his individual and official capacities. 550 East Madison Street, Baltimore, MD 21202.

76. Defendant Thomas Hodgson was the Sheriff of Bristol County during all time periods relevant to this lawsuit and, at all times relevant to this Complaint, was acting within the scope of his capacity of Sheriff. He is sued in both his individual and official capacities. 226 Ash Street, New Bedford, MA 02740.

77. Defendant County of Luzerne, Pennsylvania is a jurisdiction where Plaintiff Francis Hannon was prosecuted. The County is directly responsible for the care, custody and treatment of Plaintiff Francis Hannon. The Defendant County is sued in its official capacity. County Courthouse, North River Street, Wilkes-Barre, PA 18711.

78. Defendant Todd Vonderheid is a County Commissioner of Luzerne County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. County Courthouse, North River Street, Wilkes-Barre, PA 18711.

79. Defendant Greg Skrepenak is a County Commissioner of Luzerne County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. County Courthouse, North River Street, Wilkes-Barre, PA 18711.

80. Defendant Stephen A. Urban is a County Commissioner of Luzerne County. He is responsible for the operation of the Coun-

ty government.  He is sued in both his individual and official
capacities.  County Courthouse, North River Street, Wilkes-Barre,
PA 18711.

81.     Defendant City of Wilkes-Barre, Pennsylvania is the
jurisdiction where Plaintiff Francis Hannon was arrested and pro-
secuted.  The City is responsible for the care, custody and
treatment of Plaintiff Francis Hannon.  East Market Street, Wilkes-
Barre, PA 18701.

82.     Defendant County of Lehigh, Pennsylvania is a juris-
diction where Plaintiff Francis Hannon was prosecuted.  The County
is directly responsible for the care, custody and treatment of
Plaintiff Francis Hannon.  The Defendant County is sued in its
official capacity.  Board of County Commissioners, Government Cent-
er, Room 408, 17 South Seventh Street, Allentown, PA 18101-2400.

83.     Defendant Percy H. Dougherty is a County Commissioner
of Lehigh County.  He is responsible for the operation of the Coun-
ty government.  He is sued in both his individual and official
capacities.  Government Center, 17 South Seventh Street, Allen-
town, PA 18101-2400.

84.     Defendant Glenn Eckhart is a County Commissioner of
Lehigh County.  He is responsible for the operation of the County
government.  He is sued in both his individual and official cap-
acities.  Government Center, 17 South Seventh Street, Allentown,
PA 18101-2400.

85.     Defendant Kurt J. Derr is a County Commissioner of
Lehigh County.  He is responsible for the operation of the County
government.  He is sued in both his individual and official cap-

acities. Government Center, 17 South Seventh Street, Allentown, PA 18101-2400.

86.     Defendant Sterling H. Raber is a County Commissioner of Lehigh County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. Government Center, 17 South Seventh Street, Allentown, PA 18101-2400.

87.     Defendant James L. Kelly is a County Commissioner of Lehigh County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. Government Center, 17 South Seventh Street, Allentown, PA 18101-2400.

88.     Defendant Joan L. Fredericks is a County Commissioner of Lehigh County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. Government Center, 17 South Seventh Street, Allentown, PA 18101-2400.

89.     Defendant Andy Roman is a County Commissioner of Lehigh County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. Government Center, 17 South Seventh Street, Allentown, PA 18101-2400.

90.     Defendant Marc J. Grammes is a County Commissioner of Lehigh County. He is responsible for the operation of the County government. He is sued in both his individual and official

capacities. Government Center, 17 South Seventh Street, Allentown, PA 18101-2400.

91. Defendant Daniel K. McCarthy is a County Commissioner of Lehigh County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. Government Center, 17 South Seventh Street, Allentown, PA 18101-2400.

92. Defendant County of Perry, Pennsylvania is a jurisdiction where Plaintiff Francis Hannon was incarcerated. During such incarceration the Defendant County was responsible for the care, custody and treatment of Plaintiff Francis Hannon. The Defendant County is sued in its official capacity. County Courthouse, P. O. Box 37, 25 West Main Street, New Bloomfield, PA 17068.

93. Defendant John J. Amsler is a County Commissioner of Perry County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. County Courthouse, P. O. Box 37, 25 West Main Street, New Bloomfield, PA 17068.

94. Defendant Warren R. VanBuskirk is a County Commissioner of Perry County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. County Courthouse, P. O. Box 37, 25 West Main Street, New Bloomfield, PA 17068.

95. Defendant Edward R. Kennedy is a County Commissioner of Perry County. He is responsible for the operation of the County government. He is sued in both his individual and official

capacities. County Courthouse, P. O. Box 37, 25 West Main Street, New Bloomfield, PA 17068.

96. Defendant William R. Bunt is a County Commissioner of Perry County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. County Courthouse, P. O. Box 37, 25 West Main Street, New Bloomfield, PA 17068.

97. Defendant Sharon Y. Charles is a County Commissioner of Perry County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. County Courthouse, P. O. Box 37, 25 West Main Street, New Bloomfield, PA 17068.

98. Defendant County of Susquehanna, Pennsylvania is a jurisdiction where Plaintiff Francis Hannon was prosecuted and incarcerated. The County is directly responsible for the care, custody and treatment of Plaintiff Francis Hannon. Courthouse, P. O. Box 218, 11 Maple Street, Montrose, PA 18801.

99. Defendant Roberta Kelly is a County Commissioner of Susquehanna County. She is responsible for the operation of the County government. She is sued in both her individual and official capacities. Courthouse, P. O. Box 218, 11 Maple Street, Montrose, PA 18801.

100. Defendant Jeffrey Loomis is a County Commissioner of Susquehanna County. He is responsible for the operation of the County government. He is sued in both his individual and official capacities. Courthouse, P. O. Box 218, 11 Maple Street, Montrose, PA 18801.

101. Defendant MaryAnn Warren is a County Commissioner of Susquehanna County. She is responsible for the operation of the County government. She is sued in both her individual and official capacities. Courthouse, P. O. Box 218, 11 Maple Street, Montrose, PA 18801.

102. Defendant State of Texas is the party that entered into the agreement with the Commonwealth of Massachusetts for the illegal and unlawful placement of Jose Alves in the State of Texas. State Capital Building, Dallas, Texas.

103. Defendant County of Dallas, was the owner and operator of the Dallas County Jail. This is the facility which illegally and unlawfully housed Plaintiff Jose Alves. The Facility was directly responsible for the care, custody and treatment of Plaintiff Alves. The Defendant County is sued in its official capacity. Dallas County, Dallas, Texas.

104. Defendant USG Corp., is an asbestos product maker, and supplied and provided asbestos products to various prisons where the Plaintiffs were incarcerated. Its principle place of business is New York, NY. And 125 S. Franklin St, Chicago, Ill

105. Defendant Federal Mogul Global, Inc., is an asbestos product maker, which supplied and provided asbestos products to the various prisons where the Plaintiffs were incarcerated. Its principle place of business is Market Street, Philadelphia, PA.

106. Defendant Owens Corning Corp., is an asbestos product maker, which supplied and provided asbestos products to the various prisons where the Plaintiffs were incarcerated. Its principle place of business is Elmira, New York. And Fiberglass Tower, Todedo, OH 43659.

107. Defendant Armstrong World Industries, Inc., is an asbestos product maker, which supplied and provided asbestos products to the various prisons where the Plaintiffs were incarcerated. Its principle place of business is Pittsburgh, PA 15233.

## FACTUAL ALLEGATIONS

### Introduction

108. Defendants Mitt Romney, Kathleen M. Dennehy, Edward A. Flynn, Diane K. Silva, Roland L. Rheault, Carol Mici, Veronica M. Madden, Lois Russo, Anthony Mendonsa, Michael L. Rodrigues, Steven Kenneway, Massachusetts Correctional Officers Federated Union, UMass Correctional Health (the "Massachusetts Defendants") have each been personally involved in the Massachusetts Department of Corrections' custom, practice, and unspoken policy of disregarding inmates' constitutionally protected rights, denying inmates a meaningful process by which to challenge their wrongful treatment, and subjecting them to conditions of confinement sufficient to constitute cruel and unusual punsihment.

109. The Souza Baranowski Correctional Center building is sick. The building is environmentally unsafe. There are no labels on the containers which provide the cleaning chemicals and wax. Accordingly, there are no warning notices or instructions. Fumes from the cleaning chemicals and wax are wafting through the vents. The individuals applying the chemicals receive no training and are not supervised by an individual that is trained in the use of such toxic chemicals. This violation was caused by Defendant Simoniz USA, Inc.

110. The environmental conditions at Souza-Baranowski Correctional Center, a facility operated by the Massachusetts Department of Corrections and the Commonwealth of Massachusetts, is unfit for

human habitation.   The Plaintiffs are constantly exposed to toxins
such as lead, PCB's, asbestos, other caustic/toxic materials and
being flooded out with a combination urine/feces water.   There is
no fresh air at SBCC.   Plaintiffs are being subjected to respirat-
ory problems as a result of unsafe air/improper ventilation and
lack of fresh air.   Such conduct violated the Plaintiffs rights
under the Eighth Amendment because the Defendants, with deliberate
indifference, exposed Plaintiffs to high levels of toxic/caustic
substances, which pose an unreasonable risk of serious damage to
future health.

111.   Plaintiffs have been constantly exposed to second hand
smoke, caustic/toxic chemicals, inadequate ventilation and no out
door recreation (fresh air).

112.   Plaintiffs were/are exposed to unreasonably high levels
of second hand smoke and toxic/caustic substances and this exposure
creates a risk of harm so grave that it violates contemporary stand-
ards of decency to expose anyone unwillingly to such a risk.

113.   Scientific and statistical inquiry into the high levelof
toxic/caustic substances clearly demonstrates the seriousness of
the potential harm and the likehood that...injury to health will
actually be caused by exposure.

114.   To make matters worse the Defendants denied the Plaintiffs
adequate fresh air so they could clean their lungs.   Defendants
were deliberately indifferent to the Plaintiffs need for fresh air.
Such conduct offends evolving standards of decency in a civilized

society. The unconstitutional conditions of confinement violated the Plaintiffs rights under the Eighth Amendment. The Defendants knew of and disregarded an excessive risk to the Plaintiffs health and safety.

115. The Defendants failure to alleviate this significant risk after being informed constitutes the infliction of punishment in violation of the Eighth Amendment. Defendants knowlingly and unreasonably disregarded an objectively intolerable risk of harm to Plaintiffs' safety.

116. The exposure to high levels of pollutants subjected the Plaintiffs to physical and lasting injury.

117. The restricted airflow to the cells caused Plaintiffs' breathing problems.

118. Such exposure has subjected the Plaintiffs to skin irritation and rash, sorethroats, headaches, tightness in their chest, bloody nose, sinus infections, lung problems, cought, eye, throat, nasal irritation, wheeze, middle ear infection, difficulty breathing and other respiratory ailments, mucous, migrains, eye irritation, high blood pressure, slow down of the heart's electrical signal causing a slower heart rate (specifically second or third degree heart block), asthma or asthma like lung disease, tiaredness, dizziness, shortness of breath.

119. Plaintiffs have been constantly exposed to caustic/toxic chemicals, inadequate ventilation and out door recreation (fresh-air).

120.  The allegations outlined herein have been taking place since Souza Baranowski Correctional Center opened, and are continuing to this very day. However, on July 26, 2005 and continuing to this very day, the human waste problem escalated. On that day the Defendants violated the rights of recent inmates and they flooded out the block with human waste water. As a result the human waste and water flooded from the 3rd floor to the 2nd and 1st. The walls in the cell blocks were covered with filth and human waste. The secound floor had two inches of human waste water covering the floor. Defendants Lois Russo, Anthony M. Mendonsa and Michael L. Rodrigues made weekly inspections of the cell blocks and were aware of the filthy conditions and mold. The Defendants took no corrective action. The Plaintiffs complained about the filthy conditions in the cell block centinuously over a one year period but the Defendants failed to provide relief, resulting in the Plaintiffs getting sick. This conduct constitutes cruel and unusual punishment within the meaning of the Eighth Amendment. As a result there is mold in the ceiling.

121.  Souza Baranowski Correctional Center is the Big Dig of Corrections. Power breeds corruption. The Defendants are drunk on power and violate inmates rights on a daily basis.

122.  The Plaintiffs have consistently filed grievances concerning the wrongdoing described above and, as to each and every material allegation herein, the Plaintiffs have exhausted all available administrative remedies. Their grievances and appeals, however, have routinely been denied without reasonable consideration or investigat-

ion. In numerous instances, the grievance officers, and their superiors upon appeal, have failed to make even minimal efforts to investigate the Plaintiffs' complaints, instead simply denying their grievances without any investigation whatsoever and/or accepting without question the testimony of the correctional officers and other DOC employees. As operated, the grievance system is fundamentally unfair, operating to rubber-stamp the actions taken by correctional officers and other DOC employees rather than to protect the constitutional and statutory rights of inmates.

123. In addition to exhausting their administrative remedies, Plaintiffs also frequently addressed their complaints directly to Defendants Dennehy, Russo, Mendonsa, Rodrigues, Beard and Hendericks. Their complaints, however, were largely ignored and never meaningfully investigated by these administrators.

124. As a result of the Defendants' conduct, Plaintiffs have suffered physical, emotional and monetary injuries.

125. Plaintiffs were denied adequate sanitation and they were placed in cells with the walls covered with filth and human waste.

126. Plaintiffs made repeated requests and complaints, but none gave rise to any relief. When Plaintiffs made a request to have the filth removed from the walls Defendant Russo and Mendonsa laughed and walked away.

127. Defendants intentionally deprived the Defendants of their right to be free from cruel and unusual punishment, and acted in reckless disregard of Plaintiffs' rights.

128.    Plaintiffs filed grievances and complaints concerning the injuries which resulted from Defendants deliberate indifference to the Plaintiffs health and safety in violation of the Plaintiffs constitutional rights.

129.    The Plaintiffs complied with the mandatory requirements of the Prison Litigation Reform Act of 1995 and with respect to prison conditions have fully exhausted all available administrative remedies as to these incidents of misconduct and further complained directly to Defendants Mitt Romney, Kathleen M. Dennehy, Edward A. Flynn, Diane K. Silva, Roland L. Rheault, Carol Mici, Veronica M. Madden, Lois Russo, Anthony Mendonsa, Michael L. Rodrigues, Steven Kenneway. Indeed, none of the Plaintiffs nor any of their witnesses or anyone else with knowledge of the incidents concerning the subject matter of the grievances were interviewed. The exposure to second hand smoke and toxic chemicals created a risk of harm so grave that it violated "contemporary standards of decency to expose anyone unwillingly to such a risk". The Defendants were aware of the risk of harm, and ignored it, thereby acting with deliberate indifference.

130.    Defendants have with deliberate indifference, exposed the Plaintiffs to levels of tobacco smoke and toxic chemicals that pose an unreasonable risk of serious damage to the Plaintiffs future health.

131.    There was scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that injury

to health will actually be caused by exposure, and the Defendants ignored the warning.  They knew of and disregarded an excessive risk to the Plaintiffs health and safety.

132.  Defendants denied the Plaintiffs humane conditions of confinement under the Eighth Amendment.  Defendants were "knowingly and unreasonable disregarding an objectively intolerable risk of harm" to Plaintiffs health and safety.

133.  Defendants exposed the Plaintiffs to high levels of asbestos dust, lead, PCB's and other toxic chemicals.  The exposure to these pollutants resulted in lasting physical injury.  Plaintiffs developed physical injuries from the exposure.  The conditions of confinement at Souza Baranowski Correctional Center violate the United States Constitution.  SBCC is a sick building.

134.  The ventilation system discharged pollutants into the air in violation of the Hazardous Waste Management Act and the Clean Water Act.  The conduct endangered human health, safety and the environment.

135.  On a continual basis human wastes are discharged from the third floor to the second and from the second to the first floor. There was no clean up or disposal of the wastes.  The waste was permitted to form mold.  There is a lot of mold and water stains on the walls and floor, which contaminates the air.  There is infestation in the shower.

136.  There is a high level of soot at Souza Baranowski Correctional Center.  The soot level exceeds federal health standards.  Soot or particles emitted into the air by the ventilation system has con-

tributed to the Plaintiffs respiratory, heart and lung ailments. The particles are made up of acids, organic chemicals, metals, soil and dust.

137.   The soot pollution level at SBCC exceeds the standards set by the EPA and various health groups, including the American Lung Association.

138.   Constant exposure to toxic air contaminants, and insufficient fresh air to clear the lungs causes scar tissue damage, which has happened to the Plaintiffs.  Furthermore, bad air does long term damage to the skin.

139.   Defendants Dennehy, Romney, Flynn, Hass, Silva, Mici, Madden and Rheault failed to properly train and supervise the other Defendants.

140.   Defendants Silva, Mici, Madden, Rheault and Dennehy failed to properly classify the Plaintiffs and placed them in sick buildings.  Plaintiff Hannon personally communicated his concerns about the violations and improper classifications to the Defendants.  The Defendants failed to take steps to correct the violations.  The Defendants are drunk on poser and willingly and baltantly violated the Plaintiffs constitutional rights and subjected them to harm and injury.

141.   Prior to a smoking ban, Defendants R. J. Reynolds Tobacco Holdings, Inc. and Altria Group flooded the jails with products which caused lung disease.

142.  Defendant Steven Kenneway and the Massachusetts Correct-
ional Officers Federated Union incited and promoted the conduct out-
lined in the Complaint to advance their own agenda.

143.  Air pollution at SBCC hits the defendants directly where
they breathe.  Even the mat on the buffer discharges a material that
causes the Plaintiffs to cough, cause congestion, give a runny nose
and burning eyes.

144.  Plaintiffs incurred harm and injury because of the chronic
exposure to bad air.  Prolonged exposure to pollutants creates a
higher risk of developing asthma and emphysema and caused the Plain-
tiffs permanent lung damage.  This decreased lung capacity, which
means a lower quality of life for Plaintiffs.  These air pollutants
infiltrated vulnerable areas of the lungs, causing inflammation and
loss of function.

145.  These pollutants in the air at SBCC cause the airways to
constrict as the lungs try to defend tehmselves.  On a continual
basis the air causes the Plaintiffs to cough, which is the lungs
trying to ward off pollutants.

146.  From such exposure, over time the Plaintiffs airways start-
ed to narrow, and lung function decreased.

147.  At SBCC, you can smell and taste the heavy air.  Its
terrible!  The air quality is hazardous.

148.  The Defendants has a duty to keep its inmates safe, esp-
ecially in times of peril.....dealing with inmates who have existing
medical concerns and/or are senior citizens.  The Plaintiffs looked

to the government to protect them from hazardous air. The Plaintiffs filed grievance after grievance seeking honest answers. Plaintiffs looked to the Defendants to sound an "all clear". Is it safe to live at SBCC? Have the poisons been cleaned up? What is the risk of falling ill years from now? The Plaintiffs did not get answers from the Defendants. When it comes to environmental hazards, the inmates/plaintiffs are largely on their own.

149.  No reasonable person would have thought that telling the Plaintiffs it was safe to live at SBCC, while knowing that such placement could pose long-term health risks and other dire consequences, was conduct sanctioned by our laws.

150.  Defendants violated the Plaintiffs rights for failure to issue warnings about dangerous materials in the air and failure to carry out an adequate cleanup.

151.  These government agencies have a custom, policy and practice of permitting officers and staff to engage in unconstitutional acts.

152.  Due to the very limited outdoor recreation at SBCC, the Plaintiffs do not receive sufficient vitamin D, which increased their risks of colon cancer and other health problems.

153.  Defendant UMass did not take steps to avoid Plaintiffs from being exposed to toxic chemicals. And once discovered, did not provide appropriate medical treatment.

154.  Plaintiffs skin has been damaged and discolored as a result of the arsenic and chlorine level in the water. Some Plaintiffs suffer internal damages from drinking the water.

155.  Defendant American Correctional Association was well aware of the seriousness of the potential harm and the likelihood that injury to Plaintiffs health will actually be caused by the exposure, and the Defendant ignored the warning and accredited the various jails.  They knew of and disregarded an excessive risk to the Plaintiffs health and safety.

156.  There is a high level of radon in the air at SBCC. It makes its way into the building through cracks in the concrete floors and basement walls and floors, gaps around service pipes and cavities inside the walls.  Radon causes lung problems and lung cancer.

## PLAINTIFF FRANCIS HANNON'S CLAIMS AGAINST THE MARYLAND DEFENDANTS

157.    Plaintiff Hannon hereby incorporates paragraphs 108 through 156 inclusive, as if fully set fort⊦ herein.

158.    On April 13, 2001 Plaintiff Francis Hannon was illegally and unlawfully transferred by the Pennsylvania Defendants to MRDCC in Baltimore, Maryland.  Plaintiff Hannon did not receive any out door recreation at the Maryland Facility.  He received no fresh air or sunshine.  Defendant Robert Ehrlich, Willian Sondervan, Sewall B. Smith, Rochelle Rose, James D. Deeds have each been personally involved in the Maryland Department of Corrections custom practice, and unspoken policy of disregarding inmates' constitutionally protected rights, denying inmates a meaningful process by which to challenge their wrongful treatment and subjecting them to conditions of confinement sufficient to constitute cruel and unusual punsihment.  The MRDCC building is sick.  The building is environmentally unsafe. Upon Plaintiff Hannon's arrival, their was a scheduled inspection of the facility.  The only time they do a good job cleaning the facility is prior to an inspection.  As a result the unit becomes extremely dirty.  They recived short notice of the inspection.  As a result they had to clean it very fast.  They used excessive amount of chemicals.  The substance was applied by untrained individuals, who were unsupervised.  As a result of this incident, Plaintiff Hannon encounteded shortness of breath and problems breathing.  Also Plaintiff Hannon had a headache, nausea, vomiting, stomach discomfort and skin itching.

159.    In December of 2005 Plaintiff Francis Hannon was told he
had lung disease.  Defendants Ehrlich, Sondervan, Smith, Rose and
Deeds conduct caused Plaintiffs illness.

160.    There was no labels on the containers which provided the
cleaning chemicals.  Accordingly, there are no warning notices or
instructions.  Fumes from the cleaning chemicals were wafting through
the air.  The conditions were unfit for human habitation.

161.    The exposure to toxins and the fact that there was no
fresh air at the facility violated the Plaintiffs rights under the
Eighth Amendment.

162.    Furthermore, there were no labels on the containers which
provide the cleaning chemicals and wax.  Accordingly, there are no
warning notices or instructions.  Fumes from the cleaning chemicals
and wax are wafting through the vents and air.  the individuals apply-
ing the chemicals receive no training and are not supervised by an
individual that is trained in the use of such toxic chemicals.

163.    Plaintiff Hannon got very sick from such exposure.  More-
over the Plaintiff did not receive any fresh air or sunshine.  Plain-
tiff Hannon was subjected to respiratory problems as a result of un-
safe air/improper ventilation and lack of fresh air.  Such conduct
violated the Plaintiffs rights under the Eighth Amendment because
the Defendants, with deliberate indifference, exposed Plaintiff Han-
non to high levels of toxic/caustice substances, which pose an un-
reasonable risk of serious damage to future health.

164.    The Defendants knew of and disregarded an excessive risk
to the Plaintiffs health and safety.

**PLAINTIFF FRANCIS HANNON'S CLAIMS AGAINST THE PENNSYLVANIA DEFENDANTS**

165.   Plaintiff Hannon hereby incorporates paragraphs 108 through 164 inclusive, as if fully set forth herein.

166.   Plaintiff Francis Hannon was prosecuted and convicted in the Pennsylvania Court system in the counties of Luzerne, Lehigh and Susquehanna.   The Defendants placed Plaintiff Hannon in the care and custody of the Pennsylvania Department of Corrections.   The Pennsylvania Department of Corrections policy, practice and custom of placement violated Plaintiff Hannon's rights and subjected him to the infliction of physical, lasting permanent harm and injury.   The prison placement subjected Plaintiff Hannon to unsafe conditions and posed an unreasonable risk of serious damage to his future health.   Thereby violating the terms and conditions of the sentence imposed by the Court of Common Pleas of Defendant Luzerne County, Lehigh County and Susquehanna County.   Such placement was retaliation for involvement in constitutionally protected activity, and Plaintiff Hannon's transfer out of state by Defendant Jeffrey Beard and other Pennsylvania officials was abuse of power.

167.   Plaintiff Hannon is entitled to monetary damages arising from violations of his conditions of confinement, and in particular violations of First, Fifth, Sixth, Eighth and Fourteenth Amendment to the United States Constitution.

168.   Plaintiff Hannon's conditions of confinement involve unnecessary and wanton infliction of pain and are grossly disproportionate to the sentence imposed by the Court of Common Pleas and Defendants Luz-

erne County, Lehigh County and Susquehanna County, and are violative of the Eighth Amendment.

169. Defendants subjected Plaintiff Hannon to living in facilities with inadequate ventilation and exposure to toxic chemicals such as lead, PCB's, second hand smoke and being flooded out with a combination of urine/feces, being exposed to mold and other substances, which was totally without penological justification.

170. After being informed of the dangers by Plaintiff Hannon the Defendants took no effort to ameliorate or correct the various violations and deficiencies. As a direct result such exposure has subjected Plaintiff Hannon to skin irritation/rash, sorethroats, headaches, tightness in his chest, bloody nose, sinus infections, lung problems, cough, eye, throat and nasal irritation, wheeze, middle ear infection, difficulty breathing and other respiratory ailments, mucous, migrains, high blood pressure and other unknown medical problems.

171. Plaintiff Hannon was not informed of the dangers from such exposure. Plaintiff Hannon was never made aware of the potential long-term health risks from exposure to asbestos, second hand smoke and various toxic chemicals in there prisons and from defective ventilation and lack of adequate fresh air.

172. Plaintiff Hannon's injuries resulted from Defendants deliberate indifference to his health and safety in violation of his constitutional rights. The exposure created a risk of harm so grave that it violated "contemporary standards of decency to expose anyone unwillingly to such a risk".

173. Placement of Plaintiff Hannon out of state violates equal protection of the law because Plaintiff Hannon's conditions of confinement are invidiouly dissimilar to that received by inmates incarcerated in the Pennsylvania prison system. Plaintiff Hannon can demonstrate the equal protection violations by the evidence.

174. Plaintiff Hannon's rights were violated by the Defendants under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

175. There are many deficiencies in the physical plant as well as several practices, custom and policy at the facilities that cause these problems.

176. When conditions of confinement amount to cruel and unusal punishment, someone must discharge their duty to protect constitutional rights. In the situation of Plaintiff Francis Hannon, no one has done so.

177. The denial of fresh air and sufficient outdoor exercise added to the problem and constitutes cruel and unusual punishment. Fresh air and outdoor exercise is extremely important to the psychological and physical well being of the Plaintiff.

178. Plaintiff Hannon requested that the Defendants correct the environmental problems and violations concerning his daily living conditions and to fully comply with the Clean Air Act, EPA, OSHA and the constitution. Also Plaintiff Hannon requested damages for harm and injury incurred, appropriate medical treatment for the harm and injury and sufficient out door recreation daily to assist in rebuilding the damage. Defendants ignored Plaintiff Hannon's requests.

179.    Defendants Counties of Luzerne, Lehigh, Perry; City of
Wilkes-Barre, Pennsylvania and all of the Commissioners of those
Counties listed as Defendants herein violated the laws that they were
sworn to uphold by exposing Plaintiff Francis Hannon to toxic chemicals,
which caused him long term harm and injury. Defendants violated Hannon's
rights under the 8th Amendment by placing him in sick prisons where he
inhaled asbestos fibers.  These government agencies have a custom,
policy and practice of permitting officers and staff to engage in
unconstitutional acts.

180.    Defendants Beard, Hendricks, Ridge and Rendell violated
Plaintiff Hannon's rights on December 24, 2001 when they conspired
with Defendant Corrections Corporation of America, TransCor and other
Defendants to place Hannon in sick buildings thereby subjecting him
to harm and injury.  On December 24, 2001 Hannon was placed in the
Perry County Jail.  On December 25, 2001 Hannon was placed in the Ash
Street Jail by Defendant Thomas Hodgson.

181.    Plaintiff Hannon was prosecuted in the Counties of Luzerne,
Lehigh and Susquehanna.  He was also housed in their sick buildings,
where he was exposed to toxic chemicals, which made him sick and sub-
jected him to long term harm and injury.

**PLAINTIFF JOSE ALVES DUE PROCESS AND RETALIATION CLAIM**

182.  The Massachusetts Defendants retaliated against Plain-
tiff Jose Alves for refusing to incriminate himself and for having
complained about the unethical deprivation of his visits imposed
as punishment and retaliation for a non-visit related disciplinary
offense by prison guards, without first affording Mr. Alves due
process before a disciplinary hearing board.  Prior to this time,
Mr. Alves had been receiving contact visits from his immediate fam-
ily (Mother, sisters and nephew) without incident.  After being
falsely accused, Lead Investigating Officer Muir told Mr. Alves
that if he did not confess to the allegations, other words to in-
criminate himself, he, Officer Muir would see to it that his visits
with his Mother and Sisters would be barred for one year.  Shortly
thereafter, Mr. Alves received a Notification of Barred Visitors
from Defendants.  These visits were suspended in retaliation of
Mr. Alves's constitutionally protected right against self incrim-
ination and challenge to the unethical and unlawful suspension of
Plaintiff Alves visits, for a non-visit related offense.  Plaintiff
Alves appealed the termination of his visits and demanded that his
visits be reinstated, but his appeals were denied without invest-
igation,  There is a continual retaliation against Plaintiff Alves
visits, the suspension of Mr. Alves visits has entered six (6) years
and counting.  This violation of Defendants is unjustified, and for
no good reason but to retaliate against Mr. Alves.  The Defendants
action serves no reasonable relationship to any legitimate penolog-
ical goal, but to severely punish Mr. Alves for him exercising his

constitutionally protected rights.

**PLAINTIFF JOSE ALVES CLAIMS AGAINST THE TEXAS DEFENDANTS**

183. Plaintiff Alves was prosecuted and convicted in Suffolk County, Massachusetts. The Court placed Plaintiff Alves in the care and custody of the Massachusetts Department of Corrections. In June of 1997 until April of 1998 Plaintiff Alves was an inmate at the Dallas County Jail. Plaintiff Alves was housed in Texas pursuant to some type of transfer arrangement between the prison systems.

184. The transfer contract between the Massachusetts Department of Corrections Defendants and the Texas Department of Corrections Defendants subjected Plaintiff Jose Alves to civil rights violations because the conditions of confinement violated Plaintiffs rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendment to the United States Constitution.

185. The Department of Corrections policy, practice and custom of placement violated my rights and subjected me to the infliction of physical, lasting permanent harm and injury. The prison placement subjected me to unsafe conditions and posed an unreasonable risk of serious damage to my future health. Thereby violating the terms and conditions of the sentence imposed by the Court.

186. Plaintiff Alves conditions of confinement involved unnecessary and wanton infliction of pain and are grossly disproportionate to the sentence imposed by the Court and are violative of the Eighth Amendment.

187.The Dallas Defendants subjected Plaintiff to being housed in a facility with inadequate ventilation and Plaintiff Alves was exposed to toxic chemicals such as lead , PCB's, second hand smoke, mold and

other substances, which was totally without penological justificat-
ion.

188 As a direct result such exposure has subjected Plaintiff Alves
to skin irritation/rash, sorethroats, headaches, tightness in my
chest, bloody noxe, sinus infection, lung problems, cough, eye,
throat and nasal irritation, wheeze, middle ear infection, difficulty
breathing and other repiratory ailments, mucous, migrains, high blood
pressure.

189 Plaintiff Alves was recently informed of his medical problems and
the fact that they were caused by such exposure while incarcerated at
the Dallas County Jail.

190 Plaintiff Alves injuries resulted from Defendant Dallas, Texas's
deliberate indifference to his health and safety in violation to his
constitutional rights.   The exposure created a risk of harm so grave
that it violated "contimporary standards of decency to expose anyone
unwillingly to such a risk".

191 There are many deficiencies in the physical plant as well as sev-
eral practices, custom and policy at the Dallas facility that caused
these problems.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all counts.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiffs request that the Court grant the following relief:

1. Appoint Counsel to represent Plaintiffs;

2. Order Defendants to pay Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

3. Order Defendants to pay Plaintiffs reasonable costs and attorneys' fee in maintaining this action;

4. Enjoin Defendants from further violating Plaintiffs' constitutionally-protected rights as set forth above;

5. Other such further relief as the Court deems appropriate.

Dated: ~~February~~ APRIL 5 , 2006      Respectfully submitted,
  Shirley, Massachusetts
  FH

Francis Hannon, T-27062
P. O. Box 8000, SBCC
Shirley, MA 01464

Raymond Cook, W-64720
P. O. Box 8000, SBCC
Shirley, MA 01464

Jose Alves, W-62488
P. O. Box 8000, SBCC
Shirley, MA 01464

PLAINTIFFS:

Sean Milliken

John Stote

Steven Balsavich

Marlon Holmes

Edward Keith

Johnny S. Rivera

Myles R. Miranda

Kevin Beauchamp

Michael Mauney

David Morgan

J. Eric Palo

Wayne Crosby

Lawrence McArthur

Miguel Moure

Michael Vincent

Eduardo Oliveras

Shane W. Catanzaro

Christopher DeMarco

Kenji Drayton

David Myland

Justin Gaouette

Louis Luiz

Mark Mylett

George Awad

Anthony Barry

Carlo Montefusco

George Burns

Robert G. LeBlanc

Victor Sandiford

Allan Phillips

Robert Beauparlant

William Barnowski

Daniel Holland

Juan P. Alicea

Robert John Dajda

Steven Plavetsky

Glen Bovat