```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | |  |
|---|---|---|
| **FRANCIS HANNON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-10700-NMG |
| | ) | |
| **JEFFREY BEARD, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER RE: MOTION FOR APPOINTMENT OF COUNSEL OR ENLARGEMENT OF TIME

**GORTON, J.**

Now before the Court is plaintiff Hannon's Motion for Appointment of Counsel, or in the alternative, an enlargement of time to April 20, 2013 to file Memorandum in Opposition to Defendants Motion to Dismiss. Plaintiff Hannon explains that this multi-plaintiff action involves inmates located in several different institutions. He states that it is difficult for the plaintiffs to communicate by mail and that many of the plaintiffs are in maximum security facilities with limited access to legal research material. Plaintiff Hannon further states that many of the plaintiffs have limited knowledge of the law.

Under 28 U.S.C. § 1915 a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is discretionary, and a prisoner plaintiff does not have a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) cert. denied, 519 U.S. 894 (1996).

The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under §1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986); see also Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988).  Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, plaintiff "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights."  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  Factors constituting "exceptional circumstances" include "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case."  Cookish v. Cunningham, 787 F.2d at 3 (citations omitted).

Here, the plaintiffs are indigent and unable to afford counsel.  As noted by plaintiff Hannon, there are numerous plaintiffs as well as defendants.  However, plaintiff Hannon, as well as some of the other plaintiffs, appear to have familiarity

with legal proceedings and legal concepts, are proficient in the English language, and have filed organized pleadings. Additionally, the merits of this action are uncertain. There are several motions to dismiss pending. At this juncture, plaintiffs have not shown that there are exceptional circumstances warranting the appointment of counsel and the expenditure of scarce pro bono resources. The fact that they are indigent with limited legal resources is not sufficient nor does it present unique circumstances. Indeed, many prisoner litigants face the same obstacles.

    Accordingly, plaintiff Hannon's Motion for Appointment of Counsel is <u>DENIED</u>. Plaintiff is granted an extension of time until April 30, 2013 to reply to Defendants' Motion (Docket No. 308) to Dismiss.

SO ORDERED.

 April 19, 2013                 /s/ Nathaniel M. Gorton  
DATE                            NATHANIEL M. GORTON  
                                    UNITED STATES DISTRICT JUDGE