**United States District Court**
**District of Massachusetts**

```
_____
                               )
FRANCIS HANNON, et al.,        )
                               )
          Plaintiffs,          )
                               )
          v.                   )     Civil Action No.
                               )     06-10700-NMG
JEFFREY BEARD, et al.,         )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Twenty-seven <u>pro</u> <u>se</u> prisoners have filed suit against the
Massachusetts Department of Correction ("Massachusetts DOC") and
some of its current and former officials, UMass Correctional
Health ("UMCH") and former Massachusetts Governor Mitt Romney
("Romney").  They seek monetary damages under 42 U.S.C. § 1983
for a variety of perceived constitutional violations.  Pending
before the Court are the defendants' motions to dismiss, a
related motion for clarification and plaintiffs' motions for
service of process and extension of time.  For the reasons that
follow, the defendants' motions to dismiss and motion for
clarification will be allowed and the plaintiffs' motions for
service of process and extension of time will be denied.

I.    **Background**

In April, 2006, 40 prisoners housed at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts filed a single pro se suit challenging the conditions of their confinement.  The original complaint named 63 defendants. Pursuant to a Court order, plaintiffs individually filed amended pro se complaints in June, 2007.  All of the amended complaints alleged that SBCC was "environmentally unsafe" because the conditions presented an unreasonable risk to prisoners' health and that officials repeatedly denied their attempts to file grievances.  Certain plaintiffs also alleged that defendants had ordered retaliatory prison transfers, illegally confiscated inmate property, falsely accused one inmate of rape, denied inmates access to the law library and the right to provide legal assistance to other inmates, denied access to training programs and suspended visitation rights without first providing a disciplinary board hearing. See Docket No. 277.

The procedural history of the case since 2006 is protracted and convoluted, and is described in detail in earlier orders (e.g., Docket Nos. 250, 277, 300).  Since 2006, the parties have been reduced in number to 27 plaintiffs and 29 defendants and the issues limited to constitutional claims brought under § 1983.  The current operative complaint is the comprehensive amended complaint dated November 23, 2007.

The remaining counts allege that defendants violated plaintiffs' 1) Eighth Amendment right to be free of cruel and unusual punishment by exposing them to harmful environmental conditions at the SBCC, 2) First Amendment rights by retaliating against them for filing grievances and law suits, 3) fundamental right of access to the courts and 4) Due Process and Equal Protection rights.

In early 2013, 13 defendants moved to dismiss the complaints against them for failure to state a claim (Docket Nos. 308, 321 and 337).[1]  For the reasons that follow, those motions will be allowed.

## II. __Legal Analysis__

### A.     __Standard of Review__

To overcome a motion to dismiss, Federal Rule of Civil of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).  This statement "needs only enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 559 U.S. 544, 555 (2007)).  At a minimum, the complaint must "set forth

---

[1] They are Kathleen Dennehy, Edward Flynn, Robert Hass, Veronica M. Madden, Massachusetts Department of Correction, Anthony Mendonsa, Carol Mici, Roland L. Rheault, Michael L. Rodrigues, Lois Russo, Diane K. Silva, UMass Correctional Health and Mitt Romney.

-3-

minimal facts as to who did what to whom, when [and] where."
Educadores Puertorriqueños en Accion v. Hernandez, 367 F.3d 61,
68 (1st Cir. 2004).

A district court assesses "the sufficiency of the
complaint's factual allegations in two steps." Manning v. Boston
Medical Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).

> First, conclusory allegations that merely parrot the
> relevant legal standard are disregarded, as they are
> not entitled to the presumption of truth.  Second, we
> accept the remaining factual allegations as true and
> decide if, drawing all reasonable inferences in
> plaintiffs' favor, they are sufficient to show an
> entitlement to relief.

Id.  A pleading must set out "a right to relief above the
speculative level." Twombly, 550 U.S. at 555.  Rather than "a
sheer possibility that a defendant has acted unlawfully," the
complaint must "state a claim to relief that is plausible on its
face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing
Twombly, 550 U.S. at 570).  In weighing possibility against
plausibility, the court

> appropriately draw[s] on [its] judicial experience and
> common sense [but] may not disregard factual
> allegations even if it strikes a savvy judge that
> actual proof of those facts is improbable.

Manning, 725 F.3d at 43 (citing Iqbal, 556 U.S. at 679; Twombly,
550 U.S. at 556).

B.      **Massachusetts Department of Correction Motion to Dismiss**

As an initial matter, plaintiffs' § 1983 claims against the Massachusetts DOC are barred by the Eleventh Amendment.  The First Circuit has previously held that the Massachusetts DOC is entitled to sovereign immunity as an agency of the Commonwealth. Poirier v. Mass. Dep't of Corr., 558 F.3d 92, 97 & n.6 (1st Cir. 2009).  Plaintiffs' claims for money damages against state officials acting in their official capacities are similarly barred. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  As a result, the Court's inquiry is limited to plaintiffs' claims against individual defendants in their personal capacities.

The Court finds that even if it draws all reasonable inferences in the plaintiffs' favor, the amended complaints fail to state claims upon which relief can be granted.

1.   **Eighth Amendment Claims**

In order to prevail on their claim that SBCC's environment was unsafe such that it violated their Eighth Amendment rights, the prisoners must show that 1) the alleged deprivation is objectively serious and denies prisoners the "minimal civilized measure of life's necessities" and 2) prison officials were deliberately indifferent to an excessive risk to inmate health

or safety. <u>Wilson</u> v. <u>Seiter</u>, 501 U.S. 294, 296-303 (1991);
<u>DesRosiers</u> v. <u>Moran</u>, 949 F.2d 15, 18 (1st Cir. 1991).

Plaintiffs cannot satisfy this standard.  Their conclusory
allegations that they were exposed to unsafe levels of toxins
are not enough to show that the alleged deprivation was
objectively serious.  In order to avoid dismissal, plaintiffs
are required to allege specific facts that would support a
finding that environmental toxins were actually present, inmates
were actually exposed to those substances and the exposure
caused injury.

Even if plaintiffs could make such a showing, they have not
pled sufficient facts to support a finding of deliberate
indifference.  Plaintiffs' conclusory allegations that they
complained to all of the remaining individual defendants about
prison conditions are insufficient.  Plaintiffs are required to
allege additional facts as to whom they complained and when they
put each defendant on notice. <u>See</u> <u>Educadores Puertorriqueños en</u>
<u>Accion</u>, 367 F.3d at 68 (explaining that at a minimum the
complaint must "set forth minimal facts as to who did what to
whom").  Further, plaintiffs' attempt to rely on supervisory
liability is unavailing.  Even if prison conditions were
objectively unacceptable and guards were deliberately
indifferent to that fact, plaintiffs have not alleged that any
of the defendants supervised guards who were deliberately

-6-

indifferent or had any authority to alleviate those conditions. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581-82 (1st Cir. 1994).

### 2.    First Amendment Retaliation Claims

In order to succeed on a First Amendment retaliation claim, a party must show that 1) her conduct was constitutionally protected and 2) the protected conduct was a substantial or motivating factor driving the allegedly retaliatory decision. Air Sunshine, Inc. v. Carl, 663 F.3d 27, 35-36 (1st Cir. 2011). Plaintiffs' allegations do not satisfy this standard.  First, plaintiffs do not specifically allege which, if any, of the defendants was aware of their grievances.  Without such awareness, plaintiffs' retaliation claims fall short of being plausible.  Second, plaintiffs do not provide any dates or times that would allow the Court to infer that protected conduct was a substantial or motivating factor behind the defendants' allegedly retaliatory conduct.

### 3.    Fundamental Right of Access to Courts

In order to prove that defendants violated their constitutionally protected right of access to the courts, plaintiffs are required to plead facts sufficient to demonstrate that defendants actually impeded or frustrated a non-frivolous claim relating to either the inmate's criminal conviction or his conditions of confinement. See Lewis v. Casey, 518 U.S. 343,

352-55 (1996).  The complaints do not satisfy this standard.
Most of the complaints make general allegations that a case or a
claim was or could be affected by the defendants' actions that
fall short of what Fed R. Civ. P. 8 requires.  One plaintiff,
Milliken, alleges that a case was, in fact, negatively affected
by defendants but provides no specifics such as the name of the
case, where it was filed, what it was about or how the
supposedly lost evidence affected the outcome that would allow
the Court to conclude that the defendants actually frustrated a
non-frivolous claim related to Milliken's conviction or terms of
confinement.

### 4.  Due Process and Equal Protection Claims

Finally, plaintiffs' due process and equal protection
claims fall far short of Rule 8's pleading requirements.  They
mention "due process" and "equal protection" but do not allege
any facts about what process they were due and why. See Manning,
725 F.3d at 43 (dismissing case with only "conclusory
allegations that merely parrot the relevant legal standard").
As a result, those claims will be dismissed.

### C.  UMass Correctional Health Motion to Dismiss

Plaintiffs' claims against UMCH allege conduct similar to
that described above and can be addressed just as succinctly.
Plaintiffs' § 1983 claims seek "money damages and . . . damages
for future harm" from UMCH but money damages against a state

-8-

agency are foreclosed by the Eleventh Amendment's grant of sovereign immunity unless a state consents to such suits. See Greenless v. Almond, 277 F.3d 601, 606 (1st Cir. 2002). Sovereign immunity "extends to any entity that is an 'arm of the state.'" Wojcik v. Mass. St. Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002) (citation omitted).  All of the applicable factors in the "arm of the state" inquiry point in the direction of finding that UMCH is a state agency. See Fresenius Medical Care Cardiovascular Res., Inc. v. Puerto Rico, 322 F.3d 56, 61 (1st Cir. 2003) (describing inquiry). UMCH is not a separately incorporated agency, its property is not subject to state taxation, it cannot enter into contracts by itself and it undoubtedly performs a governmental function. See Quinn Affidavit; Fresenius, 322 F.3d at 61. In addition, any damages against UMCH would be paid out of the public treasury. See Quinn Affidavit; Breneman v. United States ex rel. Fed. Aviation Admin., 381 F.3d 33, 39 (1st Cir. 2004).

Moreover, other sessions of this Court have also found that UMCH is an arm of the state. See Cullinan v. Mental Health Mgmt. Corr. Services, Inc., 2012 WL 2178927, at *1 (D. Mass. June 11, 2012)(Tauro, J.); McGee v. UMass Corr. Health, 2010 WL 3464282, at *4 (D. Mass. Sept. 1, 2010)(Saylor, J.); Jaundoo v. Clarke, 690 F. Supp. 2d 20, 28 (D. Mass. 2010)(Tauro, J.).

Finally, the Massachusetts legislature has not consented to suit in federal court. See Hannon v. Beard, 661 F. Supp. 2d 87, 90 (D. Mass. 2009) (citing Com. v. ELM Med. Labs, Inc., 33 Mass. App. Ct. 71, 76 (1992)).  Nor has Congress abrogated sovereign immunity in civil rights suits under § 1983. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119-20 (1984).  Because the question of sovereign immunity implicates subject matter jurisdiction, its resolution in defendants' favor renders moot the inquiry into the sufficiency of the pleading with regard to UMCH.  Accordingly, UMCH's Motion to Dismiss Plaintiffs' claims for lack of subject matter jurisdiction will be allowed.

> **D.    Romney Motion to Dismiss**

The allegations against former Governor Romney are specious and this Court will allow his Motion to Dismiss with respect to all claims.  As defendant points out, Plaintiffs' allegations amount to little more than 1) an assertion that Romney was Governor of Massachusetts during part of the time they were incarcerated and the alleged conduct occurred and 2) "conclusory allegations that merely parrot the relevant legal standard." Manning, 725 F.3d at 43.  Plaintiffs allege no direct connection between their prison conditions and Romney's conduct.  There is not an inkling of misconduct by Romney alleged, much less an allegation beyond the "speculative level." See Twombly, 550 U.S. at 555.

Plaintiffs' supervisory liability claims similarly fall short of what must be alleged under First Circuit law, namely "deliberate indifference or its equivalent" in addition to a showing of an affirmative connection between "the supervisor's conduct [and] the subordinate's violative act or omission." Maldonado-Denis, 23 F.3d at 582.  In sum, Plaintiffs' claims against Romney are no more than vague allegations against a distant public figure. See Brown v. Rhode Island, 511 Fed. App'x 4, 5 (1st Cir. 2013) (dismissing claims against governor in personal capacity "since respondeat superior is unavailable and plaintiff has not alleged any direct actions taken by either of those defendants").  Therefore, this Court will allow Romney's Motion to Dismiss.

## III. **Miscellaneous Motions**

Several other motions in this case remain pending before this Court and are addressed briefly below.

### A.    **Defendant Cervassi's Motion for Clarification**

Defendant Massachusetts DOC seeks clarification of the status of "Tony Cervassi" as a party defendant. The Court finds that plaintiffs cannot proceed against him because he was not identified in the Original Complaint. See Docket No. 250.

The Court's May 2009 Order found that the plaintiffs may not proceed against those defendants who were named in the proposed amended complaint but were not named in the original

complaint.  Plaintiffs violated Local Rule 15.1 by failing to serve their motion to amend the complaint upon the proposed new defendants before filing the motion itself. Id.  Here, Tony Servaci was one of the defendants who was not named in the original complaint.

The subsequent order issued in November 2012, directing the Clerk to issue a summons for service on "Tony Servaci, SBCC Property Officer" was, therefore, issued in error. See Docket No. 277.  Accordingly, defendant's Motion for Clarification is allowed and the plaintiffs are foreclosed from proceeding against Tony Cervassi (also identified in the pleadings as "Tony Servaci").

B.      **Plaintiffs' Motions for Service and Extensions of Time**

This case was reopened in November, 2012, and plaintiffs' amended complaint was screened pursuant to 28 U.S.C. § 1915A. See Docket No. 277.  On November 9, 2012, summonses were issued to County of Dallas, James D. Deeds, Robert Ehrlich, George Hayman, Massachusetts Department of Corrections, Kristen Reisinger, Michelle Ricci, Tom Ridge, Mitt Romney, Rochelle Rose, Tony Servaci, Brenda Smith, Sewall B. Smith, William Sondervan and Umass Correctional Health. See Docket No. 278.

Three months later, on February 7, 2013, plaintiff Hannon moved for permission to serve many of the defendants through the

-12-

Offices of the Attorney General for their respective states. See Docket No. 314.  Plaintiff Hannon alleges that he spent $264.12 to mail notices of the lawsuit and request for waiver forms to those defendants. Id.  He explains that the Massachusetts Department of Correction waived service for all of the Massachusetts defendants except Mitt Romney and Anthony Servaci. Id.  Hannon requests "assistance from the United States Marshal Service to effect service on these Defendants as well as costs in the amount of $264.12." Id. On February 25, 2013, plaintiff Hannon sought an extension of time to serve the non-Massachusetts defendants. See Docket No. 320.

Because plaintiffs are not proceeding in forma pauperis, the plaintiffs are responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  In fact, this Court's Order of November 9, 2012 (Docket No. 277) specifically noted that plaintiffs are responsible for service of process.  Pursuant to the standard procedure for fee-paying litigants, plaintiffs were afforded 120 days, or until approximately March 9, 2013, to serve both the summons and a copy of the amended complaint on each of the named defendants. Two weeks before the service deadline expired, plaintiff Hannon requested an extension of time to complete service and renewed his earlier request for an order authorizing service by the United States Marshal's Service.

-13-

Plaintiff Hannon explains that he unsuccessfully attempted to invoke the "waiver of service" provision found in Fed. R. Civ. P. 4(d).  Although he asks the Court to authorize service of the summons and amended complaint by the U.S. Marshal, he has not submitted a financial affidavit or shown why such service should be authorized pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915(c).

Plaintiff Hannon seeks to impose upon the unserved defendants the costs of requesting waivers of service.  If plaintiffs were successful in serving defendants by other means, such use of the waiver process would be relevant to the Court's inquiry as to the liability of the defendants for such costs. See Fed. R. Civ. P. 4(d)(2) (providing court must impose costs on defendants who do not establish "good cause" for refusal to waive service). Plaintiffs have not, however, served the subject defendants and the Court will not extend time in this already antiquated case to permit them to do so.  Accordingly, these motions will be denied.

## ORDER

In accordance with the foregoing,

1) the Motion to Dismiss of defendant the Massachusetts Department of Correction (Docket. No. 308) is **ALLOWED;**

2) the Motion to Dismiss of defendant UMass Correctional Health (Docket NO. 321) is **ALLOWED;**

3) the Motion to Dismiss of defendant Mitt Romney (Docket No. 337) is **ALLOWED;**

4) the Motion for Clarification filed by defendant Tony Cervassi (Docket No. 306) is **ALLOWED;**

5) the Motion of plaintiffs to Serve a Copy of the Summons and the Amended Complaint (Docket No. 314) is **DENIED;** and

6) the Motion of plaintiffs to Extend Time for Service of Process(Docket No. 320) is **DENIED.**


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 27, 2013